### COMMONWEALTH *vs.* GROVE HULBERT.

An indictment on the Rev. Sts, *c.* 126, § 32, alleged that G. designedly and unlaw-fully did pretend to N. that A. wanted to buy cheese of N. and had sent G. to buy it for him, and that a certain paper described, purporting to be a ten dollar bill of the Globe Bank, in the city of New York, was a good bill, and of the value of ten dollars; by means of which false pretences, said G. unlawfully obtained from said N. forty pounds of cheese, of the value of four dollars, and sundry bank bills and silver coins, amounting to, and of the value of, six dollars, with intent to cheat and defraud; whereas the said A. did not want to buy cheese of said N., and had not sent G. to him for that purpose, and the said paper was not a good bill of the Globe Bank, in the city of New York, and was not of the value of ten dollars, but was spurious and worthless. *Held*, on motion in arrest of judgment, that the false pretences set forth were such as might have been effectual in accom-plishing a fraud on N., in the manner alleged; that neither the omission to allege that G. knowingly made the false pretences, nor the omission to men-tion any person whom he intended to defraud, rendered the indictment bad; and that there was no objection to the indictment on the ground of duplicity.

THE defendant was indicted for cheating by false pretences. The second count in the indictment was as follows: " The said Grove Hulbert, on the eleventh day of May " 1846, " at Pittsfield in the county of Berkshire, designedly and unlaw-fully did falsely pretend to one Nathan Holton, that one Allen Tucker, innkeeper in said Pittsfield, wanted to buy of said Nathan a cheese, and had sent him to said Nathan for that purpose, and that a certain paper, purporting to be a bank bill of the Globe Bank, in the city of New York, of the denom-ination of ten dollars, and which said paper is of the teno-

following," (copying it,) "was a good bill, and of the value of ten dollars ; and the said Grove then and there delivered the same to the said Nathan, as and for a good promissory note and bank bill, of the value of ten dollars; by means of which said false pretences, the said Grove did then and there unlawfully obtain from the said Nathan forty pounds of cheese, of the value of four dollars, and sundry bank bills, amounting together to the sum of five dollars, and of the value of five dollars, and sundry pieces of silver coin, current within this Commonwealth, amounting together to the sum of one dollar, and of the value of one dollar, of the money, goods and chattels of the said Nathan and one Joseph Patton, with intent then and there to cheat and defraud.   Whereas, in truth and in fact, the said Allen Tucker did not then and there want to buy of the said Nathan a cheese, and had not sent him, the said Grove, to the said Nathan for that purpose. And whereas, in truth and in fact, the said paper, purporting to be a bank bill of the Globe Bank, in the city of New York, was not a good bill, and was not of the value of ten dollars, but was spurious and entirely worthless; to the great damage and deception of the said Nathan," &c.

The defendant was convicted, in the court of common pleas, on a trial before *Merrick,* J. and filed a motion in arrest of judgment.   1.   "Because the pretences set forth in the indictment are not such false pretences as are within the meaning of the statute (Rev. Sts. *c.* 126) creating the offence on which this prosecution is founded, and because it is not stated how the false pretences were effectual in accomplishing the fraud charged.   2. Because it is not alleged in the indictment that the defendant knowingly made the false pretences therein charged.   3. Because the transactions set forth in said indictment amount to a violation of the provisions of the Rev. Sts. *c.* 127, § 2, and the indictment charges two offences."   This motion was overruled by the judge, and the defendant alleged exceptions.

*Colt,* for the defendant.

*Porter,* (District Attorney,) for the Commonwealth.

DEWEY, J.   The court are of opinion that this indictment may be sustained.   We have more particularly considered the second count, upon which judgment may be entered.

1.  The false pretences set forth in this count are such as might have been effectual in accomplishing a fraud upon Nathan Holton, in the manner alleged.   The allegation, that the paper offered, and purporting to be a bank bill for the payment of ten dollars, was a good bill, and of the value of ten dollars, was virtually an allegation that it was a genuine bill of some real bank, and not counterfeit; when, in fact, it was a counterfeit, or a spurious bill not issued by any bank having a real existence.

2.  This indictment may be well sustained, although the word "knowingly" is omitted in the allegation of the false pretences.   The words used are "designedly and unlawfully did falsely pretend."   The word "knowingly" is more usually introduced into indictments of this character.   But the offence is thus described in the Rev. Sts. *c.* 126, § 32 : " If any person shall designedly, by any false pretence, and with intent to defraud, obtain from any other person, any money, or any goods," &c. " he shall be punished," &c.   The charge is set out, in the indictment, in such language as sufficiently describes the statute offence ; and the indictment is not bad by reason of the omission of the word "knowingly."

3.  It was suggested in argument, though not mentioned in the written motion, that the second count is defective in not alleging more particularly the intent to defraud Nathan Holton ; as it only alleges the general intent to cheat and defraud.   The Rev. Sts. *c.* 127, § 14, fully authorize such form of allegation.

4.  Nor is there any objection to the indictment as bad for duplicity, if that objection were open to the defendant on a motion in arrest of judgment.   The offence of uttering a counterfeit bank bill, although it may be embraced within the necessary proof to establish the guilt of the party in the case, yet is not technically charged in the indictment.   It is

only incidental to the main charge of obtaining goods by false pretences, and does not vitiate the indictment.

The motion to arrest the judgment must therefore be over-ruled, and judgment be entered upon the second count in the indictment.